**PRIME INSURANCE CO., Plaintiff**

**v.**

**LoCASTRO & ASSOCIATES, INC., et al., Defendants**

**No. 3:01CV7354.**

United States District Court, N.D. Ohio, Western Division.

Oct. 24, 2001.

Daniel C. Urban, Arter & Hadden, Jeffrey A. Healy, Arter & Hadden, Cleveland, OH, for Plaintiff.

Walter A. Rodgers, Rodgers And Co. L.P.A., Cleveland, OH, Benjamin F. Barrett, Jr., Miraldi & Barrett, Lorain, OH, William W. Owens, Norwalk, OH, for Defendants.

## ORDER

CARR, District Judge.

This is a declaratory judgment action in which the insured, LoCastro & Asssociates, has filed a motion to dismiss on the basis of a want of personal jurisdiction. For the reasons that follow, its motion shall be granted.

LoCastro employed George Tenney, Jr., and provided him with an automobile for business use. Except for one instance predating the events giving rise to this

lawsuit, LoCastro, located in Pennsylvania, never did any business in Ohio. LoCastro limited Tenney's use of its vehicle to business related activities.

Tenney was involved in an accident on the Ohio Turnpike. LoCastro has submitted an affidavit stating the Tenney was not engaged in work for LoCastro when he was driving the car. That factual assertion has not been disputed.

LoCastro has been sued in this court by persons injured in the accident. It notified its insurer, Prime Insurance Company. Prime declined coverage and has filed this action. A general appearance has been filed on LoCastro's behalf in those cases.

■ Absent an agency relationship between Tenney and LoCastro, there appears to be no other basis under Ohio's long-arm statute, O.R.C. § 2307.382, on which personal jurisdiction could be asserted against LoCastro. It is not a resident of and does no business in this state. The sole basis for asserting jurisdiction appears to be that one of its employees was driving a company car when the accident occurred. In light of the evidence that that individual was not acting within the course and scope of his employment at the time, and, indeed, was acting contrary to LoCastro's express instructions, its ownership of the vehicle is not, without more, sufficient to subject it to jurisdiction in Ohio.

■ In response to LoCastro's arguments about the absence of contacts, even minimum contacts with Ohio, Prime argues that LoCastro consented to jurisdiction via a general and unlimited appearance in the tort cases brought against it in this court. Having done so for that purpose, LoCastro, Prime argues, should not be able to avoid the further assertion over it of jurisdiction to determine whether Prime is obligated to provide coverage.

This argument is superficially appealing, but disingenuous, as LoCastro's reply makes clear. Supported by an affidavit, that reply asserts that LoCastro did not knowingly consent to submitting to Ohio jurisdiction. The notice of appearance was filed by a lawyer (not counsel currently representing Prime in this proceeding) without, according to LoCastro, prior notice to or consultation with it. Had it been provided with such notice and counsel, LoCastro states, it would not have authorized the filing of a general appearance in this jurisdiction.

Though nominally acting as LoCastro's counsel when he filed that appearance in the tort cases, that lawyer was also acting at the behest of Prime. Having either instructed that lawyer to file that appearance, or thereafter acquiesced in it, Prime should not now be allowed to expand its concession to jurisdiction to overcome the objections of its insured to Prime's efforts to have this court exercise jurisdiction over that insured. For an insurance company to cause an appearance to be filed where there is no jurisdiction over its insured, and thereafter to turn that appearance against the insured to force it to litigate in a forum where otherwise it could not be sued verges on bad faith.

There is no jurisdiction over LoCastro, at least so far as this case is concerned. Its motion to dismiss the declaratory judgment action shall, accordingly, be granted.

It is, therefore,

ORDERED THAT the defendant's motion to dismiss for want of jurisdiction be, and the same hereby is granted.

So ordered.